The court. Council for appellants. Please proceed Mr Wakefield. Good morning Your Honor. Thank you and may it please the court. I'm Jed Wakefield representing appellant defendants. I'd like to preserve three minutes for rebuttal if I may. All right, please watch the clock. The time showing is your total time remaining. Understood. Thank you, Your Honor. In denying Amazon's motion to compel arbitration as to part of plaintiff's claims, the district court erred in two respects. First, the district court decided a question of the scope of the arbitration agreement that it was not empowered to decide because, as the court itself had found, that question was delegated to the arbitrator. Second, even if the district court had been empowered to decide scope, the court erred in deciding that this dispute was not within the scope of the arbitration agreement. Well, did the judge just decide that it was outside the scope of the arbitration agreement or that it was outside the scope of the whole contract? Well, he said the decision was actually ambiguous, but what he pointed to was that it was not an recording that occurred when someone did not intentionally activate the service. That it wasn't the subject of the contract at all? That was an indication, but that can't be squared with the record, nor can it be squared with the language of the arbitration agreement. The agreement itself provides that the Alexa service is provided by Amazon and it's activated by voice instead of pushing a button when someone says a wake word. And Amazon explains and discloses that the recordings are made when that happens. And Amazon also advertises, discloses and explains that the technology is... But you say that the complaint of the function that resulted in the complaint of harm never even happened. It never even happened because it was never contemplated by the contract. What we... We don't say that there can't be recordings that occur, activations of an Alexa device when someone has not said the wake word. Amazon discloses that that can happen. This is a voice activated technology and it's imperfect. When that happens, when someone says something that sounds like the wake word, the device is triggered. It alerts people in the room that it's happened just as it does when there's an Isn't the claim, isn't the claim that the judge allowed to go forward recordings that occur when the wake word has not even been said? It is. But when that happens, one, that is a glitch in the system that Amazon discloses. And that is, there's a notice to people in the room when that happens. When a device is activated, a light flashes, whether you intended to say the wake word or not. We'll straighten this up when we speak to plaintiff's counsel, because I don't think that that's exactly what their claim is. But keep going. Yeah, so the complaint never alleges the existence of surreptitious recording. The complaint alleges that sometimes the device can activate when no one has said the wake word. That's the point I wanted to pick up on. I agree that I don't read any allegation that the plaintiff herself was was recorded in background. How is there not an article three standing issue here? I don't see the injury being alleged. Well, that's a that's also a good point. The complaint mentions briefly that the device can activate. Right. But the complaint never alleges that plaintiff was recorded in such a circumstance. It alleges that it activated when she activated it and recorded. And it may allege that in background recordings, when it's activated by someone in the room. But there's no allegation that plaintiff herself was recorded by a false wake, an accidental activation. Go ahead. I'm just gonna, so would you agree that there's no article three injury here and there's no standing here? As to that claim, I would. But you say, don't you claim that all of these, all of the claims should be taken as a whole? You split them into three parts. So now you're claiming there's no standing when previously you stated that they should all be taken together as a whole? Right. Our motion was a motion to compel arbitration, a threshold issue that's appropriately briefed as a standalone issue. We did not take on questions of article three standing in our motion, nor did we take on the merits of the motion to state an unfair competition law claim, for example. We're not litigating the merits or, and didn't raise that jurisdiction issue because we were bringing a motion to compel arbitration in the first instance, which can dispose of the whole claim. And then an arbitrator can decide, hey, claim it. You have no injury. You don't recover here. But the whole case, in our view, does belong in arbitration. But if the district court splits out that, you know, that what the district court has so-called sercificed recording, I just don't see an injury, a properly alleged injury there. So it seems like there's no standing. If we're accepting that the district court split them out, I just don't see the standing. And I agree with that point. Again... Or unless it wasn't wrong for the district court to split it out that way. I see what the, you know, the double-edged argument you have to make. Right. I don't think that the claims Fairley Red stated a separate claim on her behalf. But if the court is going to disaggregate those claims and invent a separate claim for surreptitious reporting that plaintiff was never recorded by, according to her complaint, I agree that there is an article 3 standing problem there. So I think we've already talked about how those claims were split out improperly. But what can't be reconciled is how the court treated the delegation clause here. The district court correctly held that scope issues were delegated by incorporation of the AAA rules and plaintiffs did not challenge that delegation. And although a delegation clause can be used on the basis of unconscionability, plaintiffs didn't argue unconscionability of the delegation clause or of the arbitration agreement as a whole. And the court clearly didn't find the delegation was unconscionable. It relied on delegation in referring plaintiffs' second category of claim to arbitration. And of course incorporation by reference is valid. It's a valid way to form contracts under both California and Washington law. And incorporation of AAA rules has been held to be clear and unmistakable delegation, including by this court in the Brennan case. Plaintiff suggests that there should be a different rule when you have an unsophisticated party as to delegation, but that fails for a number of reasons. First, it wasn't really argued below. There was a brief reference to the principle, but there's no evidence that poor record on which to try to create a rule about sophistication. And second, it would be unworkable to task district courts with creating a party-by-party test for sophistication, as the court in McClellan v. Fitbit observed. And third, and I think more fundamentally, it would be improper to create a different standard for incorporation by reference for arbitration than courts employ for other contract formation. Under California and Washington law, incorporation does not depend on sophistication. And holding that it does for arbitration would treat arbitration as less desirable, less fair than other matters, than litigation. And that's what the AAA, I'm sorry, that's what the FAA forbids. And does not disadvantage customers, consumers, or businesses. It doesn't disadvantage them to put all AAA, all arbitration rules in one place. And the fact that so many courts cite cases involving incorporation of the AAA rules reflects the fact that consumers have one set of rules across many different companies where they can find all the rules about arbitration. It's not shocking, it's not unfair that the rules for arbitration are found in one place. But in any event, there was no argument... Can I go back to the conversation you had with Judge Eaton earlier? I agree that the district court's opinion is somewhat ambiguous, but as I read it, he did not extend the contract to this claim based off of equitable estoppel principles, saying that because of, you know, the secret recordings, that they're almost criminal in nature and potentially unconscionable. Why is that a wrong analysis that we wouldn't apply equitable estoppel for claims that are almost criminal or unconscionable? So equitable estoppel is the principle that binds a party to a contract. Right. Whether a party's bound to the contract doesn't depend on the underlying claim, it depends on whether they have the closed relationship with the contracting party, the direct benefits of the contract that they received and intentionally invoked. It is the mechanism by determining, answering the question, is this party bound by the contract? And once the court correctly found that plaintiff was bound, the question then is, does this arbitration clause cover this dispute? Not a different, you know, and the court clearly found that she was bound by it. There's also a second reason that she's bound by this arbitration agreement. Well, maybe we could move on to this dispute. Why is this dispute, why should it be compelled to arbitration? Certainly. Any, you know, arbitration is favored and any questions about the scope of whether a dispute falls within an arbitration agreement must be resolved in favor of arbitration. There's a presumption of arbitrability and only the most forceful evidence of an intent to exclude a dispute from arbitration is sufficient to meet that burden, which is the plaintiff's burden. So, assuming that... And this is, and this is true even with respect to a non-signatory? Once a non-signatory is bound, yes. And we don't, you know, I think the correct analysis is, is the plaintiff bound, one. Court correctly found she was. Second, does this dispute fall within the agreement? Not, is she bound for parts of the agreement, but not when we don't like it. But there is also an independent reason that she's bound here and it's independent of equitable estoppel, and that is she is a signatory or a party who accepted... Well, let's stick with equitable estoppel for a moment. Why this dispute? Sure. This dispute falls within the, the scope of the arbitration agreement. It is something that Amazon discloses about how this service works. It's something that is transparent to users, not just signatories. This plaintiff is an avid Amazon user who purchased... Wait a second, then I'm confused about what the dispute had to do with surreptitious recording, which is not in fact found any place in the contract. Well, that's where we just, that was the court's reasoning. And we, we think the court had it wrong in that regard based on this record. The complaint incorporates the Amazon privacy portal, the website that explains how this technology works. And that makes clear that false wakes can occur. They're not surreptitious, intentional, nefarious bugging of people's homes. They're mistakes. When you say, I want to run Alexa's search, and it thinks you said Alexa, and it goes off. And when that happens, a light comes on on the device to let you know. And if it's off, if it's set to make a tone when it's been activated, it goes off. And plaintiff had this device in her home, she was using it. She had to have it on, plugged in and active, waiting for her commands. And when a false wake occurs, that is simply a part of the imperfect, admittedly imperfect, functioning of the Alexa service. But it's, it's clearly within the scope of the arbitration agreement, which is, which covers disputes relating to products or services distributed by Amazon. And there isn't a rule that, well, that's true, but not for intentional torts. There is no rule that says arbitration is acceptable, except for claims that might overlap with criminal conduct. And, and plaintiff doesn't, doesn't dispute that, doesn't allege otherwise. So are we allowed to consider those facts outside of the complaint for a motion to compel? Uh, are you, you are allowed to consider those, the facts outside of the complaint. A motion to compel isn't subject to a Rule 12b-6 standard of only the facts alleged and every inference drawn in the plaintiff's favor. It's an evidentiary motion where parties can submit declarations. We submitted declarations to explain a number of facts. Plaintiff could have put in declarations. In fact, every account holder, her husband, as an account holder has full access. Claims in this case that the recordings were on a different Alexa enabled device than the one she bought. But she's an avid Amazon user who agreed repeatedly to the Amazon conditions of use, which govern her relationship with Amazon. And so when she's using another Amazon product in her home that her husband happens to have set up for the household as opposed to her, and she's invoking a service, knowing that Amazon is delivering that service each time she's using Amazon services intentionally and knowingly and bound by her agreement with Amazon. Ken, are there any cases that hold that? I have not seen a case that says that if you buy another product and you agree to terms there, that it's binding on an, on a different product by the same company. I've just not seen that. Well, certainly in the estoppel context, there are cases where people are bound. Right. But this is not an estoppel argument. You're making it in the right context. That is correct. I believe the Ekin versus Amazon case noted that each time the from amazon.com, they were reaffirming their, their being bound by that agreement. And that agreement bound all of their claims against Amazon. Judge Wallace, I think we lost the clock. So let's take a pause so we can get the clock back on the screen. I will convene. This court now resumes its session. All right, Mr. Shelquist. Good morning. May it please the court. My name is Rob Shelquist and I'm representing the plaintiff, Appley Haley Tice. Despite all of Amazon's rhetoric about waiver and re-arguing legal positions, it could have, but did not appeal. This court's affirmance decision is straightforward. First, it's about applying black letter contract law on contract formation when plaintiff is not a signatory. And two, it is about non-erroneous factual findings on benefits, or in this case, a lack thereof to apply state law equitable estoppel principles. I'd like to briefly begin with the reply brief where we did not have a chance to respond. And Amazon made some waiver arguments. And I'd also like to talk a little bit about the Revit opinion, which was the subject. Maybe we could start with one thing. If I understand Mr. Wakefield's argument correctly, he's saying that you never actually pled surreptitious recording, that your claims arise really under the contract, that the things that you say happened were all within the contract and that they weren't surreptitious recordings. Is that true? And if I find, where can I find the surreptitious claim? I think there's several places you can find the lack of consent to a recording of any sort. First, in paragraphs 29 through 31 of the record, she spoke. Paragraph 30 discusses plaintiff being recorded when somebody else in the room spoke, and she didn't use the wake word. And paragraph 31 is a catch-all that says the plaintiff was recorded without consent, without registration. Generically, paragraph 37 sets forth all of the questions that are common for class certification purposes. 37B is recorded using the wake word. 37C, being in a room when somebody else used the wake word and being recorded. And 37J is when nobody else is being recorded. Then in each of the counts, it flat out says that plaintiff and class members were recorded and that that was permanently stored and analyzed. In 57, and then generically in the prayer for relief. Counsel, do those allegations include an assertion that the plaintiffs were unaware that they were being recorded? That's correct, Your Honor. The allegation for the plaintiff is that she was unaware. And going back to the heart of Judge Eaton's question. Is that language in the paragraphs that you cited? Yes. Paragraph 29, plaintiffs was unaware that when she spoke the wake word. Paragraph 30, plaintiff was also not aware. 31, plaintiff was not a registered Alexa account holder, and Amazon never warned plaintiff that her voice and communications were being recorded and never consented to the recording. Would it matter if Amazon gave that warning to the account holder with whom she resided? We don't believe that it would, Your Honor. First, equity requires a person invoking it to actually do equity. And going back to the heart of Judge Eaton's question, she was not a subject to the contract. She was never asked to sign a contract. That distinguishes a lot of defendants' cases. She was not presented terms of use that she may have clicked, I agree, and just didn't read them. That distinguishes a lot of the other contracts. In fact, she was never asked to sign this contract. And even generically, the contract does not ask the account holder, here Ms. Tice's husband, to bind generically a spouse, a child, or a child. Well, there's two pieces to that. First, we think the judge got it right, being very generous with the direct beneficiary theory. The Wynn case, as you heard in the argument before ours, I think says it's conjunctive. You have to sue under the contract and enjoy the benefit. Here, the court did a dual contract and said that surreptitious recordings were not part of the contract that the husband signed, not the wife. And number two, found that there was no equitable estoppel that would bind the wife to a contract. In fact, the judge went so far as to say the husband didn't agree to it. Under SIPA law, a husband can't agree to have his wife illegally recorded. And now we're one step removed where the wife is being estopped to a contract that supposedly allowed the husband to illegally record. The judge just found that that was an absurd result as a matter of contract law. It's not necessarily going to the scope issue, which is where a defendant wants to go. They want to have the scope exception completely swallow the rule that the court is to decide contract formation. That's what the judge did here. You're not challenging the district court's determination that the motion to compel is granted regarding the background recording during the intentional use of the election. You're not challenging that. No, we're not. We're saying that he got it right. Applying a test that is much more generous to the defendant's position than we think state law California or Washington supports. In fact, in the Wynn case decided by the Ninth Circuit, there the plaintiff actually pled the choice of law provision that was found in the contract that the plaintiff said he was not a party to. And even there, Wynn said, that's not enough. We're one step removed from Wynn. Nothing in our complaint references the terms of use. Nothing in our claims going forward is going to be reliant upon the terms of use. And even in our complaint, we didn't take the Washington choice of law provision and use that as a basis for any of our claims, which Wynn itself says is not enough. So why couldn't the arbitrator decide all of these issues? We believe that all of the cases that defendant has cited reserve the right for the court to decide if a contract exists. The arbitrator can decide issues in proper circumstances once a contract has been found. Well, a contract exists. The question is, who is bound by that contract? Whether or not the plaintiff is bound by that contract by virtue of receiving the benefits of it. So is there a question as to whether or not a contract exists? Well, we believe that there is a contract that exists between the husband and Amazon. That is the only person who can bind the purchase because the registrant is the one who activates the account. There is no benefit to the plaintiff conferred under that contract because she's not a party to that benefits as a basis for invoking equitable estoppel. So that argument can't carry the day, can it? Well, I think it's the first step to carrying the day, Your Honor, because I heard counsel at the end of his arguments say that when she purchased a book or shoes years before the Alexa was purchased, she somehow was bound. The court said that the COUs did not govern. He then looked at the TOU and said, was that a contract between Amazon and plaintiff and found that it wasn't. And then he got to the question you're asking, whether or not equitable estoppel principles applied. And as a matter of contract law, found that it did apply to the only fact question that's before this court. I think it's should be noted that the that Amazon is the only party here who had a right under the Federal Arbitration Act Section 16 to actually appeal. And that appeal right extended to an order. And there is a single order here. And for tactical reasons, Amazon decided to only appeal one part of the order, the surreptitious use. So it now uses that as a procedural machination to be able to sit in front of this court and say, all arbitrability issues should be decided by the arbitrator, except they didn't appeal two of the fact situations. They said it was OK for the court to decide that the arbitrator should decide what happens when she's in a room and somebody else uses the wake word. Counsel, was it appropriate for the district court to split the claims not by by claim, but by factual predicate, the intentional use, background use and recording? We believe that it is. I mean, we set out in the spirit of frankness to the court, each of the uses the plaintiff used. We don't believe that she consented to the recording of any of those conversations or interactions. But moreover, it doesn't stop with just the recording. These recordings are then people and we believe that they're used to push advertisements on plaintiff and the household. So the surreptitious recording itself doesn't end just when the words are spoken. Counsel then said, well, plaintiff can go into the account. That's not true. She's not the account holder. She has no rights under this contract. She has to go ask her husband to listen to what may have happened. And only then, if her husband allows her access, can she find out and delete what conversations are there. And even then, when they delete, Amazon reserves a right to keep whatever they think the plaintiff, the user wants. Well, the user under the contract. I'm still not sure I follow that. I don't see where the plaintiff that she pled that she was serendipitously recorded. You know, it was not directly said in anywhere in the complaint. So I just don't know how you get past the Article three standing issue. Well, number one, if that is the only basis, we can replete and make that more direct. We believe the one paragraph in that trilogy ending with the catch all that she didn't agree to be recorded under any circumstances whatsoever captures that surreptitious use. The surreptitious use is laid out in questions that are to be answered at class certification. And we believe standing has been adequately pled. Ironically, defendant is saying she has standing because they're saying somehow she's bound to a contract and that all of her claims are suing under the contract. So both Amazon and us are caught in a catch 22 there on your three standing question. Yeah, that's because of the odd way that district court broke up the claims by factual predicate versus claims. So I get I get the dilemma. But when you break it down like this, and I don't see in a direct allegation, she was serendipitously recorded. I don't know if you have a standing for that. That's slice of claims. Well, yes, excuse me. Go ahead. Were you going to answer? I was just going to answer Judge Bumate and say we think it's been multiplied procedurally because Amazon had a right to appeal the entire order. And it is kept from you two parts of that order with regard to what the judge decided and said that that's a finding that there was a contract. We don't agree with that. With regard to your standing point, I would just reiterate that we can replete. And in fact, if this court affirms and allows us to go forward, we're going to have to replete because that's the only claim that's before the court. And we will replete to conform to the evidence. I'm sorry, Judge Rawlinson. That's okay. I was going to ask you. This case is brought into California law. So what is the California case that? Yes, support your argument that equitable estoppel does not apply under the facts of this case. Well, we think the the win opinion which applied Ninth Circuit law is on point. Well, I want a case that applies California law because we're bound to adhere to California law. So what is the strongest case from the courts of California that supports your argument that equitable estoppel should not apply in the facts of this case? I think, uh, there are two Ninth Circuit opinions applying California law in the cases that were cited by the judge. Counsel, the question I have for you is to cite me to a case from the California state courts that support. What is your strongest case from the California state courts, not our court, the California state courts that support your view that equitable estoppel does not apply in this case? I think it's the Armanderas versus, uh, Foundation Health site care services at six Pacific Third 669 that was cited by the district court below that found that the unconscionability question relating to the contract prevented the direct benefits estoppel. That is one of the cases that the court relied on fairly heavily for finding that there was no contract and that equitable estoppel could not bind a non signator to the contract. With regard to the ravage opinion that was so, Counsel, is it your argument then that the reason that equitable estoppel did not apply is because the contract was procedurally unconscionable? Well, that is one part of it. The other part is, is you cannot contract for an illegal act. And basically what Amazon is saying is that the husband agreed to the recording and by him agreeing to the recording as a signatory to the she could be recorded as well. That's not a question of scope. That's a question of what actually is part of the con, whether or not there's a contract governing that illegal activity. So, but that case doesn't really the case and the analysis doesn't really confront head on the equitable estoppel issue that we're grappling with for this case. Well, I think it does that you don't have a California case that grapples with the equitable estoppel issue. I don't have an equitable estoppel case that the court cited to. I'm relying on the case that he cited to with regard to the unconscionability of the contract as a whole and then would cite back to this court's analysis most recently in versus direct TV on the application of equitable estoppel in similar circumstances. There, it was just decided after our brief was filed, it was not cited by Amazon as the subject of a 28 J letter. AT&T and the plaintiff had a contract which included phone services. AT&T in that contract was defined as years after that contract was signed, direct TV became an affiliate and was sued by plaintiff and the plaintiff argued that he was not bound by arbitration in this court looked and although it's a different setting where it is the non signatory defendant who's attempting to apply it, the same principles apply. This court found the direct TV was not and is not a party to the contract and couldn't enforce it and found that direct TV's preferred reading would result in an absurdity of being bound into the future for services not yet purchased from a company not yet known. That same absurdity would apply here under the COUs because counsel saying plaintiff was bound before the Alexa was purchased or maybe even invented. And it's also an absurdity here to say that she is bound by a contract that would illegally allow her to be recorded by anyone. If it were the husband being asked by a third party, may I record your wife even without her consent? He couldn't say that. This contract can't allow him to do it. So I think Judge Eaton has asked the last appeal and he started with a question here about what is the contract. The contract is between the husband and between Amazon and what is being asked of this court is to now say that a contract which forms no basis for the claims before the court in a contract which confers no rights on the plaintiff to go in because she's not the account holder and didn't activate the account. Somehow binds her to incorporate by reference AAA rules. There's no reason why she would even imagine that she would have to look at the AAA rules through the Alexa terms of use when she wasn't a signator and never was asked to Council made a reference to the fact that we did not appeal from the grant of the motion to compel arbitration. There is no there's no right of appeal from a grant of the motion to compel arbitration. We're not engaged in any sort of procedural gamesmanship but it was also that's the aspect of the order that we agree with. What we have a right to appeal from is the denial and that's that's what we correctly appealed from. I'd like to return briefly to the subject of and then the clock the court said but I'm going to engage in a scope analysis anyway because I think that there's something that troubles me about these claims as I've interpreted them and so I'm going to decide the scope question a court can't do that even if as Henry Schein is the Supreme Court and Henry Schein makes clear if a court finds that the delegation is only groundless it still must honor it. The arbitrator must decide that scope question. That was an instance of the district courts clear error even though we're not on a clear error standard in exceeding the courts authority. Second looking at scope itself assuming there hadn't been a delegation clause it is a mistake to to find that the scope of an arbitration agreement must be limited to the scope of what the parties contracted for. The Supreme Court has held in Shearson versus American Express that RICO claims must be arbitrated. Now clearly parties cannot contract for RICO violations. Parties cannot contract for intentional torts or quasi criminal activity and yet those claims must go to arbitration. The delegated is does the claim fit within the scope of the arbitration agreement and here it did and in any event the arguments that counsel makes that there you can't consent to you can't obviate a criminal act with consent doesn't make any sense under this asserted law the wiretap laws in California the California Invasion Privacy Act prohibits recording people when they don't know about it. If you tell them about it it's not illegal you're not telling them you're committing a crime you're telling them that you're gonna record and Amazon does that and it does it in the contract. But the plaintiff claims that she didn't know. So we're at the pleading stage. She said she didn't know. Well we are at the pleading stage and she alleges she didn't know the question then is is this dispute one that can be arbitrated and the answer is it can't because particularly when it's criminal conduct and she didn't know that therefore it somehow falls outside the arbitration but it doesn't it's a dispute that falls within the terms. If the plaintiff had wanted to listen to the recordings could she have? Could she have demanded that she could listen to them? Well we don't know all the details of her relationship but if she's using her her device in her home the notion that she'd have to demand it from her husband I don't know I can I can log into my wife's. Well if you can't answer the question yes then you're saying that she only agreed that we should find her to have only agreed to part of the contract is that right? No her husband could listen. So the the the website and the mobile app allows the person who's registered to listen to all recordings on the account. We don't have a record developed as to whether plaintiff actually did that using her household account. That doesn't matter. So she's bound by parts of the contract but you're not bound by other parts of the account to as a signatory? Correct and and the court treated her as a signatory. So I she's a signatory to the conditions of use which contain an arbitration agreement that covers this claim on its face. That's our that's one point that doesn't require an analysis of estoppel. Second the estoppel question which plaintiff does not challenge found that she's also bound by the Alexa terms and that contract governs the use of Alexa explicitly and provides that any dispute relating to Alexa must be resolved. No I'm not talking about arbitration. I just want to know whether or not she can listen to the recordings. So she would need to use her household's account to do that. That's just a factual question. You go to the website and listen to it or you go to the mobile app and you can play them all. Only the signatory is. So you now say that she would be entitled because because we're binding her to the contract by equitable estoppel. She could listen to the recordings too. No we're talking about two different things. No we're talking about a contract here. Okay under the contract. Are they bound by part of the contract isn't the mechanism by which the account holder gains access to a tool on the website. The the contract gives you rights to use Alexa and discloses how Alexa works and requires that any dispute be resolved in arbitration. The mechanism of how the technology works of how the button gets pushed or doesn't get pushed or how the mobile app works is a technical question not a contractual question. So it says nowhere in that it says nowhere in the can not press the button. I don't believe the contract says that. So it's just what it says. The account holder is not the only person who can press the button. Anyone with access to the mobile app that is registered can do it. If it's on an iPad that the husband and wife or the kids all share then any one of them can play back the recordings at any time. If it's on the website that everyone is using any one of those household members can log in and access it. Now a stranger can't do that. But it's you know it is just like a shopping app. I have an Amazon shopping app. My wife could grab my phone and place an order for batteries using my phone. The spouse can use that account if that's available to her. But that's very different than the contractual question. I guess you've answered my question that someone other than the account holder can access the recordings. That's all I want to know. Okay. Thank you. All right. Thank you counsel. You've exceeded your time. Thank you to both counsel. The case just argued is submitted for decision by the court. And that completes our calendar for the morning. We are in recess until 930 a.m. February 4th 2021. Thank you your honors. Thank you. Court for this session stands adjourned.
judges: Rawlinson, Bumatay, Eaton